**Christopher H. Kent, OSB #852530**
Email: ckent@kentlaw.com
**Leslie S. Johnson, OSB #954727**
Email: ljohnson@kentlaw.com
**KENT & JOHNSON, LLP**
1500 SW TAYLOR STREET
PORTLAND, OREGON  97205
TELEPHONE:  (503) 220-0717
FACSIMILE:  (503) 220-4299
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
Portland Division

| | |
|---|---|
| LISA WALKER, an individual, | No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| PORTLAND GENERAL ELECTRIC COMPANY,  an Oregon corporation, | (Title VII of The Civil Rights Act, ADA, ADEA, FMLA) |
| Defendant. | **JURY TRIAL DEMANDED** |

For her complaint, Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1.

This is an action for damages, including punitive damages, attorney fees and

costs, to redress violation of the plaintiff's statutorily protected rights, breach of contract,

state common law rights, and for equitable relief.  This action is for damages to redress

deprivation of rights under the Family and Medical Leave Act of 1993 (FMLA), 29

U.S.C. §2601, *et seq*; Disabled Worker Discrimination/Failure to Engage in the

**PAGE 1 – COMPLAINT**

Interactive Process/Retaliation (ADA) 42 U.S.C. §12201 *et seq*; American Disabilities Act Disability Discrimination, Failure to Accommodate and Engage in the Interactive Process / Disabled Worker Discrimination (42 U.S.C. §§ 12111-12117).

## PARTIES

### 2.

Plaintiff is a resident of the state of Oregon and at all relevant times herein was employed by Defendant Portland General Electric Company ("PGE") in the state of Oregon.

### 3.

Defendant is a corporation organized and existing under the laws of the state of Oregon with its principle offices located in Portland, Oregon.

## JURISDICTION AND VENUE

### 4.

This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331.

### 5.

Plaintiff requests this Court to invoke its supplemental jurisdiction pursuant to 28 U.S.C. §1367 with respect to all causes of action based on Oregon common law as the state claims arise from the same nucleus of operative facts as the federal claims. This court has jurisdiction over the related pendent state claims under Rule 18 of the Federal Rules of Civil Procedure.

**PAGE 2 – COMPLAINT**

6.

Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

## COMMON ALLEGATIONS

7.

Plaintiff began working for Defendant in 2001.

8.

Plaintiff most recently worked as a miscellaneous billing representative in the billing department.

9.

Since the approximate age of 17 years old, Plaintiff has suffered from migraine headaches. She has sensitivity to fragrances, such as perfume, that can trigger her migraine headaches.

10.

In 2003, Plaintiff's position moved to Defendant's Tualatin office. After that move, Plaintiff suffered increased migraine headaches due to the poor HVAC in the building, and being in closer proximity to a greater number of people wearing fragrances like perfume and cologne.

11.

Since approximately early 2011, Plaintiff began experiencing severe migraine headaches that required her to take intermittent medical leave. At that time, Defendant did not backfill her position while she was on medical leave.

**PAGE 3 – COMPLAINT**

12.

Plaintiff requested accommodation for her disability.  Her requests included the ability to work from home on occasion, requests for a fragrance-free work area, and adequate ventilation in compliance with Defendant's own indoor air quality policies.

13.

A manual written by Defendant and entitled "Portland General Electric Indoor Air Quality Program" addresses issues related to fragrance-free work areas.  Section 3.2.9 states:

> **"Assistance with creating fragrance-free work areas** – Some individuals may experience adverse reactions or disturbances from sources of fragrance in their work area.  Sources of fragrance include fragrant body products (perfume, colognes, etc), cleaning products, room deodorants, flower arrangements, etc.  Work groups can manage the use of such products through a cooperative approach to meet the needs of affected employees. Upon request, Safety and Health Resources and Facilities or plant management will work with interested groups to address evaluate cleaning products and use "fragrance free" supplies.

14.

Plaintiff provided Defendant with a letter from her treating physician on or around March 11, 2011, requesting that Defendant accommodate her fragrance-free work area request.

15.

Plaintiff's requests were summarily rejected by Defendant, by and through its employees, supervisor Jessica Eberhardt, and Plaintiff's manager Michaela Lynn, who refused to engage in the process.  Her supervisor was dismissive and unresponsive to her

**PAGE 4 – COMPLAINT**

requests and did not provide any alternatives.  Plaintiff was informed that she could not work from home because she was not a manager.

16.

On or around April 18, 2011, Plaintiff was scheduled for surgery to relieve her disability.  On that same date, while on medical leave, Defendant effectively terminated her employment in the billing department.

17.

Defendant refused to accommodate Plaintiff in her former department and refused to reinstate her to her former position.  Defendant, by and through its employee, Kassie Cox, requested that she locate another department within PGE that would hire her and accommodate her disability.  Defendant did not offer to assist in this endeavor when asked.

18.

Plaintiff made multiple attempts to apply for other positions with Defendant in other departments but was rejected for each opportunity.  Defendant had promised to engage in the interactive process with each position applied for but never did.

19.

Plaintiff had been employed with Defendant for approximately 10 years and had an excellent performance history until she sought family medical leave.

20.

On or about May 2, 2011, Defendant informed Plaintiff that it had hired someone to fill her position as a billing representative. On or about October 24, 2011, PGE terminated Plaintiff's employment.

**PAGE 5 – COMPLAINT**

21.

Defendant failed to honor Plaintiff's medical restrictions, refused her requested accommodations, failed to follow its own policy, failed to engage in the interactive process in good faith, and failed to provide the required FMLA requested.

22.

Additionally, Defendant's refusal to provide Plaintiff reasonable accommodation violated her rights under the ADA, and was a denial of a suitable and available position after her protected medical leave.

23.

On March 20, 2011, Plaintiff filed a verified complaint in writing with the Civil Rights Division, Bureau of Labor and Industries which was co-filed with the EEOC. The EEOC issued its right to sue findings on January 29, 2013.

24.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost wages, severe emotional distress, and other general and consequential damages.

25.

Based on the foregoing, Defendant acted with malice towards Plaintiff and/or an outrageous indifference to a highly unreasonable risk of harm and acted with a conscious indifference to the health, safety, and welfare of others, including Plaintiff, therefore Plaintiff seeks an award of punitive damages and discovery of all relevant financial documents from Defendants.

**PAGE 6 – COMPLAINT**

## CLAIMS

## First Claim for Relief (Family and Medical Leave Act: Interference and
## Retaliation – 29 U.S.C. § 2601 Et Seq.)

26.

Plaintiff re-alleges and incorporate paragraphs 1 - 25 above as though fully set forth herein.

27.

Defendant is an "employer" within the meaning of 29 U.S.C. § 2611(4).

28.

At all material times, Plaintiff suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11).

29.

Defendant interfered with Plaintiff's rights under FMLA by discriminating against her for inquiring about and/or invoking her rights under FMLA.

30.

Plaintiff never used more leave beyond that to which she was entitled.

31.

Defendant interfered with, retaliated, and discriminated against Plaintiff for inquiring about and/or invoking her rights under FMLA and/or complaining about Defendant's failure to reinstate Plaintiff, by taking adverse employment actions against Plaintiff including, but not limited to, disciplining Plaintiff for protected absences, failing to provide requested accommodation, failing to properly track Plaintiff's medical leave, subjecting Plaintiff to procedures not authorized by the FMLA, failing to grant Plaintiff

**PAGE 7 – COMPLAINT**

medical leave, discouraging Plaintiff from taking future medical leave, failing to follow

its own policies and terminating Plaintiff's employment.

32.

As a direct and proximate result of Defendant's interference, retaliation, and

discrimination, Plaintiff has suffered lost income and will continue to suffer lost income,

including prejudgment interest, all to her economic damages, including back pay in an

amount to be determined at the time of trial.  Plaintiff also requests equitable relief in the

form of an award of front pay, or in the alternative, reinstatement if feasible.

33.

Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. §

2617(a)(1)(A) and prejudgment interest.

34.

Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorney

fees, expert fees, and costs incurred herein.

## Second Claim for Relief (Wrongful Discharge)

35.

Plaintiff re-alleges and incorporates by reference paragraphs 1 - 25 above as

though fully set forth herein.

36.

At all materials times, the public policy was to prohibit an employer from 1)

retaliation and discrimination against employees for good faith reporting of illegal and/or

criminal conduct and/or initiating a civil proceeding against Defendants; and 2)

interfering with, and discriminating against employees who inquire about and/or attempt

**PAGE 8 – COMPLAINT**

to utilize the provisions of FMLA. This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States protecting the public from fraud, danger, and illegal conduct.

37.

Defendant, by and through its agents and/or employees, violated this public policy by 1) retaliating and discriminating against Plaintiff for good faith reporting of illegal and/or criminal conduct, and/or initiating a civil proceeding against Defendants; and/or 2) interfering with, retaliating, and discriminating against Plaintiff for inquiring about and/or utilizing the provisions of OFLA and/or FMLA. Defendant violated the above public policies in Plaintiff's termination. The discharge was unlawful and in violation of the public policy.

38.

Defendant's discharge of Plaintiff was in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights related to Plaintiff's role as an employee, which rights are of important public interest.

39.

Plaintiff requests an award of economic and noneconomic compensatory damages, punitive damages, equitable relief, costs, and attorney fees pursuant to ORS 20.107.

## DAMAGES

40.

As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices and retaliation and/or interference,

**PAGE 9 – COMPLAINT**

Plaintiff suffered lost wages and benefits and reliance damages of approximately $100,000 to date, and a loss of other benefits.  Said losses are continuing and said amounts are to be amended before trial or determined at the time of trial.  Plaintiff has suffered a loss of front pay in an amount to be determined at the time of trial.

79.     As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices and retaliation Plaintiff has experienced severe emotional and mental suffering.  The Plaintiff has suffered a minimum of approximately $100,000 for her said damages, all to be specified at trial.  Plaintiff also requests an award of liquidated, and/or punitive damages where authorized by statute or alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendant as follows:

1)     For economic compensatory damages in the amount of $100,000, plus additional amounts  to be determined at the time of trial;

2)     For non-economic compensatory damages in the amount of $100,000 or an amount to be determined at the time of trial;

3)     For prejudgment and post judgment interest at the statutory rate;

4)     For punitive damages in an amount to be determined by a jury at the time of trial.

5)     For liquidated damages under FMLA in amount equivalent to at least 100% of the amount of back pay awarded to Plaintiff;

6)     For equitable relief, including an award of front pay in lieu of reinstatement under Plaintiff's Federal claims;

**PAGE 10 – COMPLAINT**

7)      For an award of reasonable attorney fees pursuant to statute upon motion;

8)      For reasonable costs and disbursements pursuant to statute; and

9)      For such other relief the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. Proc. 38, Plaintiff hereby demands trial by jury on all

claims and issues as permitted by law.

DATED this _____ day of April, 2013.

**KENT & JOHNSON, LLP**


 /s/ *Christopher H. Kent*_____
Christopher H. Kent, OSB #852530
ckent@kentlaw.com
Leslie S. Johnson, OSB #954727
ljohnson@kentlaw.com
1500 SW Taylor Street
Portland, OR  97205
(503) 220-0717 (Telephone)
(503) 220-4299 (Fax)
Attorneys for Plaintiff

74206

**PAGE 11 – COMPLAINT**